The Honorable John E. Miller State Representative P. O. Box 436 Melbourne, Arkansas 72556
Dear Representative Miller:
This is in response to your request for an opinion regarding Act 970 of 1987. The following specific questions have been posed:
 1. Does the board of directors of Advocacy Services, Inc., fall within the protection granted by Act 970?
2. If so, what is the scope of the immunity granted?
3. Does Act 970 obviate the need for liability insurance?
Section 2 of Act 970 provides in pertinent part as follows:
 (N)o member of the board of directors of a nonprofit corporation that holds a valid federal income tax exemption issued by the Internal Revenue Service shall be held personally liable for damages resulting from:
 (a) any negligent act or omission of an employee of the nonprofit corporation . . .
 (b) any negligent act or omission of another director . . .
That clear language of Section 2 indicates that the immunity provided under Act 970 will extend to this board of directors if Advocacy Services, Inc. is in fact a nonprofit corporation and if it holds a valid federal income tax exemption issued by the IRS. Assuming, therefore, that the foregoing criteria is met, the answer to the first question posed is yes.
In response to the second question, Section 4 of the Act states in pertinent part as follows:
 The immunity provided by this Act shall not extend to acts or omissions of directors of nonprofit corporations . . . which constitute ordinary or gross negligence personal to the director or member or to intentional torts committed by a director or member . . .
Section 4 is straightforward in providing that the immunity does not extend to ordinary or gross negligence personal to a director or to intentional torts. It is therefore clear that a director is subject to being sued individually for his or her personal acts.
Since Act 970 does not on its face dispense with the necessity of obtaining liability insurance, we cannot state unequivocally that such insurance may be dispensed with. Nor is there any Arkansas case law or similar legislative enactment offering guidance in this regard.
The Attorney General is required under Ark. Stat. Ann. 12-702 (Repl. 1979) to provide his opinion to the General Assembly upon the constitutionality of any proposed bill. He is precluded, however, from engaging in the private practice of law. Ark. Stat. Ann. 12-701.1 (Repl. 1979). This opinion is therefore not provided for the benefit of private third parties and should not be relied upon nor offered for that purpose.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.